# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 2:16-cv-14340-DMM

JOSE PADILLA, JEROME CLARK, II, AND
WILLIE R. REDEN, JR., individually
and on behalf of all others similarly situated,

        Plaintiffs,

v.

TA OPERATING LLC, a foreign
limited liability company,
d/b/a TRAVELCENTERS OF AMERICA,

        Defendant.
_____/

## SETTLEMENT AGREEMENT AND RELEASE

Jose Padilla, Jerome Clark, II, and Willie Reden, Jr., and their heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Plaintiffs"), and TA Operating, LLC ("Defendant"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Defendant agrees to pay to Plaintiffs **Fourteen Thousand Seven Hundred Dollars ($14,700.00)**, as follows:

    a.    a check payable to the order of Jose Padilla in the amount of **Two Thousand Three Hundred Eighty-Two Dollars and Twenty-Five Cents ($2,382.25)**, less lawful deductions, representing back wages, for which a W-2 will be provided;

    b.    a check payable to the order of Jose Padilla in the amount of **Two Thousand Three Hundred Eighty-Two Dollars and Twenty-Six Cents ($2,382.26)**, for which a Form 1099 will be provided

    c.    a check payable to the order of Jerome Clark, II in the amount of **Eight Hundred Two Dollars and Ninety-Two Cents ($802.92)**, less lawful deductions, representing back wages, for which a W-2 will be provided;

Case No. 2:16-cv-14340-DMM

    d.    a check payable to the order of Jerome Clark, II in the amount of **Eight Hundred Two Dollars and Ninety-Three Cents ($802.93)**, for which a Form 1099 will be provided

    e.    a check payable to the order of Willie Reden, Jr. in the amount of **Three Hundred Ninety-Nine Dollars and Eighty-Three ($399.83)**, less lawful deductions, representing back wages, for which a W-2 will be provided;

    f.    a check payable to the order of Willie Reden, Jr. in the amount of **Three Hundred Ninety-Nine Dollars and Eighty-Three ($399.83)**, for which a Form 1099 will be provided; and

    g.    a check payable to the order of Scott Wagner & Associates, P.A. (Fed. I.D. No. 65-1056212) in the amount of **Seven Thousand Five Hundred Twenty-Nine Dollars and Ninety-Eight Cents ($7,529.98)**, representing costs and attorney's fees, for which a Form 1099 will be provided.

The checks described above shall be delivered to Scott Wagner & Associates, P.A. within ten (10) business days after the last of the following have occurred: (1) counsel for Defendant receives this Agreement with Plaintiffs' original signatures; (2) counsel for Defendant receives the Agreement and General Release executed by Plaintiffs with their original signatures, that Agreement is incorporated herein by reference; (3) counsel for Defendant receives fully completed and signed IRS forms W-4 and W-9 from Plaintiffs and a W-9 form from their counsel; (4) counsel for Defendant receives the Court's order approving this Agreement; and (5) counsel for Defendant receives the Court's order of dismissal, *with prejudice*, of the litigation in the United States District Court for the Southern District of Florida, styled Jose Padilla, Jerome Clark II, and Willie R. Reden, Jr. v. TA Operating, LLC, Case No. 2:16-cv-14340-DMM (the "Action").

The sums detailed above are in full and final settlement and resolution of any and all compensation and wage claims which Plaintiffs had, have, or may have against Defendant arising out of or in any way connected with their employment with Defendant as of the date of the execution of this Agreement. Each Party shall bear his or its own fees and costs, except as provided for herein.

    2.    **Tax Responsibility.** Plaintiffs agree that they will be exclusively responsible for the payment of any taxes owed on any amounts paid to them under the terms of this Agreement. Defendant makes no representation as to the taxability of the amounts paid to Plaintiffs or their counsel. Plaintiffs agree to pay their portion of federal, state or local taxes, if any, which are required to be paid with respect to this Agreement. Moreover, Plaintiffs agree to indemnify Defendant and hold it harmless from any interest, taxes, or penalties assessed against it by any governmental agency as the result of the non-payment of taxes on any amounts paid to them or their counsel under this Agreement.

Case No. 2:16-cv-14340-DMM

3. **No Consideration Absent Execution of this Agreement.** Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in paragraph "1" above, except for their execution of this Agreement and the fulfillment of the promises contained herein.

4. **Release of All Compensation-Related Claims.** Plaintiffs knowingly and voluntarily release and forever discharge Defendant and its executors, administrators, successors, assigns, parent corporations, affiliates, subsidiaries, divisions, predecessors, insurers, co-employers, and their current and former employees, attorneys, officers, directors, board members, shareholders, owners and agents, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiffs had, have, or may have against Releasees as of the date of execution of this Agreement, related to their compensation in connection with their employment with Defendant including, but not limited to, any alleged violation of:

- The Fair Labor Standards Act ("FLSA");

- Breach of Contract;

- The Equal Pay Act;

- The Florida Constitution (Art. X, Section 24);

- Florida Wage Discrimination Law – Fla. Stat. § 448.07;

- Florida Equal Pay Law – Fla. Stat. § 725.07 and Fla. Stat. Ann. § 448.07;

- Florida Wage Payment Laws, including the Florida Minimum Wage Act, § 448.10;

- any other federal, state or local law, rule, regulation, or ordinance regarding employment compensation;

- any public policy, contract (including, but not limited to, any contract Plaintiffs have or had with TA), tort, or common law regarding employment compensation; and/or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

Nothing in this Agreement prohibits or prevents Plaintiffs from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower

proceeding or other proceeding before any federal, state, or local government agency (e.g. EEOC, NLRB, SEC, DOL, *etc.*), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiffs' rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiffs agree that if such an administrative claim is made, they shall not be entitled to recover any individual monetary relief or other individual remedies.

If any claim is not subject to release, to the extent permitted by law, Plaintiffs waive any right or ability to be class or collective action representatives or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a party.

5. **Acknowledgments and Affirmations.** Plaintiffs affirm that they have not filed, caused to be filed, and presently are not parties to any claim, complaint, or action against Releasees in any forum or form, other than this Action and the arbitration styled Jose Padilla, Jerome Clark II, and Willie R. Reden, Jr. v. TA Operating, LLC, NAM File No. 206146.

Plaintiffs also affirm that they have reported all hours worked as of the date they sign this Agreement and have been paid and/or have received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date they sign this Agreement.

Plaintiffs further affirm they are aware of their obligations to make any tax payments and forward payment to the Internal Revenue Service.

Plaintiffs affirm that all of Releasees' decisions regarding their pay and benefits through the date of execution of this Agreement were not discriminatory based on race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, mental and physical disability, medical condition, age, pregnancy, denial of medical and family care leave, pregnancy disability leave or any other classification protected by law.

Releasees and Plaintiffs affirm that there was no undue influence, overreaching, collusion or intimidation in reaching this Agreement.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Florida without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or

unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8    **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9.    **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, with regard to Plaintiffs' compensation-related claims against Defendant, and fully supersedes any prior agreements or understandings between the Parties with regard to Plaintiffs' employment, except Plaintiffs' arbitration agreements with TA and the Agreement and General Release, which is incorporated herein by reference. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

12.    **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES WITH REGARD TO PLAINTIFFS' COMPENSATION AND WAGES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

TA Operating, LLC

By: _____  
Jose Padilla

By: _*Kare Kaminski*_  
Karen Kaminski  
Vice President, Human Resources

Date: _____

Date: 11/6/17

By: _*Jerome Clark, II*_  
Jerome Clark, II

Case No. 2:16-cv-14340-DMM

Date: 10-30-17

By: _____
   Willie Reden, Jr.

Date: _____

4810-7434-8876, v. 4

unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8.  **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9.  **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, with regard to Plaintiffs' compensation-related claims against Defendant, and fully supersedes any prior agreements or understandings between the Parties with regard to Plaintiffs' employment, except Plaintiffs' arbitration agreements with TA and the Agreement and General Release, which is incorporated herein by reference. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

12. **Counterparts.** This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement. A signed copy of this Agreement delivered by facsimile, e-mail or other means of electronic transmission shall be deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

**PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTER INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS THEY HAVE OR MIGHT HAVE AGAINST RELEASEES WITH REGARD TO PLAINTIFFS' COMPENSATION AND WAGES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: _____
Jose Padilla

Date: 10-31-17

TA Operating, LLC

By: _____
Karen Kaminski
Vice President, Human Resources

Date: 11/6/17

By: _____
Jerome Clark, II

Case No. 2:16-cv-14340-DMM

Date: _____

By: _____
Willie Reden, Jr.

Date: 11/1/17

4810-7434-8876, v. 4